**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

RONALD M. TURNER; DIANA M. TURNER,

          Plaintiffs,

v.

BANK OF AMERICA HOME LOANS, et al.,

          Defendants.

2:11-CV-465 JCM (LRL)

**ORDER**

Presently before the court is plaintiffs Ronald and Diana Turner's motion to remand (doc. #4). Defendants Bank of America Home Loans ("BAC"), Recontrust Company ("Recon"), Bank of New York Mellon ("BNY Mellon"), and Mortgage Electronic Registrations Systems ("MERS") responded (doc. #11). Also before the court is defendants' motion to dismiss the complaint (doc. # 5). Plaintiffs responded (doc. #10), and defendants replied (doc. #12).

Plaintiffs' claims stem from the purchase of the residence at 1520 Santa Lucia Drive, North Las Vegas, NV 89031, and the loan financing that purchase (doc. #1-1, compl. ¶ 7). Plaintiffs have listed three causes of action in the complaint: (1) wrongful foreclosure; (2) civil conspiracy; and (3) quiet title (doc. #1-1).

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

I.  **MOTION TO REMAND (doc. #4)**

Plaintiffs filed the instant motion to remand (doc. #4), alleging that the case presents no federal question, so federal question jurisdiction should not apply. The plaintiffs do not argue, however, that the case lacks the amount in controversy or diversity in citizenship required for diversity jurisdiction pursuant to 28 U.S.C. § 1332. The Turners are citizens of Nevada, BAC is a citizen of North Carolina, Recon is a citizen of California, BNY Mellon is a citizen of Delaware with headquarters in New York, and MERS is a citizen of Delaware with headquarters in Virginia (doc. #1, pet. for removal ¶5-10). Thus, there is complete diversity among the parties, as no defendant is from the same state as any plaintiff. Furthermore, the subject of the controversy is a $287,850 loan—an amount well above the $75,000 required by the statute (doc. #1). Whereas the court finds that this case meets the criteria for the exercise of diversity jurisdiction pursuant to 28 U.S.C. § 1332, the question of federal question jurisdiction is moot.

Plaintiffs ask the court to abstain from exercising diversity jurisdiction on three alternative grounds: *Burford* abstention, *Younger* abstention, and because the defendants allegedly petition for removal only to take advantage of the stricter pleading standards in federal court. The defendants respond that the motion to remand should fail on all three grounds (doc. #11).

A.  ***Burford* Abstention**

Three elements generally need to be satisfied before the exercise of *Burford* abstention in the Ninth Circuit: (1) the state has concentrated suits involving the local issue in a particular court; (2) the federal issues are not easily separable from complicated state law issues with which the state courts may have special competence; and (3) that federal review might disrupt state efforts to establish a coherent policy. *Tucker v. First Maryland Sav. Loan, Inc.*, 942 F.2d 1401, 1403 (9th Cir. 1991); *see Burford v. Sun Oil Co.*, 319 U.S. 315 (1943). While the power to abstain has historically been seen as the authority of a court sitting in equity, "the authority of a federal court to abstain from exercising its jurisdiction extends to all cases in which the court has discretion to grant or deny relief." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 718 (1996). Abstention by federal courts is, however, the "exception rather than the rule." *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143,

James C. Mahan
U.S. District Judge

1148 (9th Cir. 2007).

Here, all three elements are lacking. First, Nevada has not concentrated mortgage litigation suits in one court. In *Burford*, Texas concentrated all challenges to orders of the regulatory commission in one district court to provide specialized and uniform adjudication. 319 U.S. at 326. There is no evidence of Nevada employing a similar method to handle mortgage litigation. Second, the court has not identified any complicated state law issues that are inseparable from federal issues. Third, the plaintiffs have failed to show how federal review of mortgage litigation will disrupt state efforts to establish coherent policy. Accordingly, the court agrees with the defendants that *Burford* abstention is not appropriate in this case.

### B. *Younger* Abstention

The *Younger* doctrine requires four elements that must be met before a district court abstains: (1) ongoing state-initiated proceedings; (2) which implicate important state interests; (3) a federal litigant must not be barred from litigating federal constitutional issues in that proceeding; and, if the first three elements are all met, then (4) there still must be "a *Younger*-based reason to abstain-i.e., if the court's action would enjoin, or have the practical effect of enjoining, ongoing state court proceedings." *AmerisourceBergen Corp.*, 495 F.3d at 1149. The Supreme Court has stated: "The policies underlying *Younger* are fully applicable to noncriminal judicial proceedings when important state interests are involved." *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982) (elaborating that "important state interests" include noncriminal proceedings bearing a close resemblance to proceedings criminal in nature, proceedings necessary for the vindication of important state policies, or proceedings necessary for the functioning of the state judicial system). When a case is removed from state court, the state court proceedings are terminated. *See State of Georgia v. Rachel*, 384 U.S. 780, 797-98 n.27 (1966); *Rawak-German v. Countrywide Bank*, 2010 WL 596442, at *2 (S.D. Cal. Feb. 16, 2010).

Here, the court agrees with defendants that *Younger* abstention does not apply. The plaintiffs claim there are ongoing state proceedings identical to those of the plaintiffs (doc. #11), but the plaintiffs themselves do not have any ongoing state-initiated proceedings because the state court

1  proceedings were terminated once they were removed. *See Rawak-German*, 2010 WL 596442, at *2.
2  Even though courts have held foreclosure of real property implicates important state interests, the
3  fact that there are no ongoing state-initiated proceedings means that *Younger* abstention does not
4  apply. *See Rachel*, 384 U.S. at 797-798 n.27 (stating state court proceedings cease upon removal
5  unless case is remanded); *AmerisourceBergen Corp.*, 495 F.3d at 1149 (stating presence of ongoing
6  state-initiated proceeding is one of four requirements necessary for invoking Younger abstention);
7  *Rawak-German*, 2010 WL 596442, at *2 (finding that removal terminated state court proceedings
8  making *Younger* inapplicable); *see also Borkowski v. Fremont Inv. and Loan*, 368 F. Supp.2d 822,
9  828 (N.D. Ohio 2005) (*citing Doscher v. Menifee Circuit Court*, 75 Fed. Appx. 996 (6th Cir. 2003))
10 (finding foreclosure of real property implicates important state interests under *Younger*). *But see*
11 *Trimmel v. General Elec. Credit Corp.*, 555 F. Supp. 264, 268 (D. Conn. 1983) (finding that state
12 foreclosure proceedings are purely private and thus do not implicate important state interests).
13 Accordingly, the court declines to abstain from exercising jurisdiction on *Younger* grounds.

14 **C.     Stricter Pleading Standards**

15 Under 28 U.S.C. § 1441(a), "Except as otherwise expressly provided by Act of Congress, any
16 civil action brought in a state court of which the district courts of the United States have original
17 jurisdiction may be removed by the defendant or the defendants to the district court of the United
18 States for the district and division embracing the place where such action is pending." Where
19 removal is permissible, a plaintiff cannot defeat a defendant's right to removal because he would
20 rather litigate in state court. *Kortum v. Raffles Holdings, Ltd.*, 2002 WL 31455994, at *3 (N.D. Ill.
21 Oct. 30, 2002) (*citing St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938)). A
22 federal court must have removal and subject matter jurisdiction to hear a case removed from state
23 court. *Infuturia Global Ltd. v. Sequus Pharmaceuticals, Inc.*, 631 F.3d 1133, 1135 (9th Cir. 2011).

24 Here, the court has original jurisdiction to hear the case under the 28 U.S.C. § 1332 diversity
25 doctrine. The plaintiffs wish to take advantage of Nevada state courts' more lenient pleading
26 standards and allege that the defendants remove only to take advantage of the stricter pleading
27 standards in federal court (doc. #4). The plaintiffs cannot defeat the defendants' right to removal
28

**James C. Mahan**
**U.S. District Judge**

- 4 -

1  because they prefer the rules in state court. *See St. Paul Mercury Indem. Co.*, 303 U.S. at 294;
2  *Kortum*, 2002 WL 31455994, at *3.

3  **II.     MOTION TO DISMISS (doc. #5)**

4  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted
5  as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937,
6  1949 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Where a
7  complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the
8  line between possibility and plausibility of entitlement to relief.'" *Id.* (*citing Twombly*, 550 U.S. at
9  557). However, where there are well pled factual allegations, the court should assume their veracity
10 and determine if they give rise to relief. *Id.* at 1950.

11     **A.     Claim 1 – Wrongful Foreclosure**

12 "An action for the tort of wrongful foreclosure will lie if the trustor or mortgagor can
13 establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of
14 condition or failure of performance existed. . . ." *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d
15 610, 623 (Nev. 1983). The provisions of NRS Chapter 107 provide the comprehensive, statutory
16 framework governing non-judicial foreclosure sales and mandate that upon default and a failure to
17 cure, non-judicial foreclosure is proper. NRS 107.080(1). Additionally, the tort of wrongful
18 foreclosure is not available until the power of sale has been exercised and foreclosure has occurred.
19 *Haley v. Elegen Home Lending, LP,* 2010 WL 1006664, at *2 (D. Nev. Mar. 15, 2010).

20 The plaintiffs admit to not making multiple mortgage payments, but claim to have not
21 defaulted because the defendants breached the loan agreement by securitizing the loan (doc. #10).
22 This argument has been rejected by this court and others in the Ninth Circuit. *See Ritter v.*
23 *Countrywide Home Loans, Inc.,* 2010 WL 3829378, at *1-2 (D. Nev. Sept. 24, 2010); *Hafiz v.*
24 *Greenpoint Mortg. Funding, Inc.*, 652 F. Supp. 2d 1039, 1043 (N.D. Cal. 2009). Accordingly, the
25 plaintiffs are unable to allege no breach of condition or failure of performance at the time of sale.
26 Furthermore, the foreclosure sale has not taken place to date. The first cause of action is therefore
27 dismissed as to all defendants.

28

**James C. Mahan**
**U.S. District Judge**

### B.   Claim 2 – Civil Conspiracy

An actionable civil conspiracy "consists of a combination of two or more persons who, by some concerted action, intend to accomplish an unlawful objective for the purpose of harming another, and damage results from the act or acts." *Hilton Hotels v. Butch Lewis Productions,* 862 P.2d 1207, 1210 (Nev.1993) (*citing Sutherland v.. Gross,* 772 P.2d 1287, 1290 (Nev.1989)). "Civil conspiracy is not an independent action–it must rise from some underlying wrong." *Paul Steelman Ltd. v. HKS, Inc.*, 2007 WL 295610, at *3 (D. Nev. Jan. 26, 2007). "[S]tating such a claim requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made. Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of illegal agreement. . . . [A]n allegation of parallel conduct and a bare assertion of conspiracy will not suffice." *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1047 (9th Cir. 2008) (*citing Twombly*, 550 U.S. at 557).

Here, plaintiffs do not have a viable claim upon which they may base a claim for civil conspiracy. Plaintiffs themselves admit the claim is contingent upon their claim for wrongful foreclosure (doc. #10, opp'n at 23), which the court has already found not viable. Accordingly, the second cause of action is dismissed as to all defendants.

### C.   Claim 3 – Quiet Title

An action to quiet title is an equitable proceeding in which a party seeks to settle a dispute over ownership of property or to remove a cloud upon his title to the property. *MacDonald v. Krause*, 77 Nev. 312, 317–18 (Nev. 1961). A widely accepted rule in such actions is that the party must tender the undisputed amount due and owed to challenge the validity of the sale. *See, e.g., Abdallah v. United Savings Bank*, 43 Cal. App. 4th 1101, 1109 (Cal. Ct. App. 1996). In essence, he who seeks equity must do equity. *See McQuiddy v. Ware*, 87 U.S. 14, 19 (1873).

Plaintiffs' claim must be dismissed because the plaintiffs have defaulted on their loan, and have thus not done equity. Therefore, the third cause of action is dismissed.

James C. Mahan
U.S. District Judge

- 6 -

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that plaintiffs' motion to remand (doc. #4) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendants' motion to dismiss (doc. #5) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the case is hereby dismissed without prejudice as to all named defendants.

IT IS FURTHER ORDERED that lis pendens is hereby EXPUNGED.

DATED June 24, 2011.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**